IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNIE J. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3730 |
| | § | |
| J.P. MORGAN CHASE BANK N/A, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This case was removed from state to federal court. The defendant, J.P. Morgan Chase Bank, has moved to dismiss the claim, with prejudice, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 5). Alternatively, Chase moved for a more definite statement under Rule 12(e). The plaintiff, Connie J. Smith, has opposed both motions. (Docket Entry No. 7). For the reasons explained below, the motion to dismiss is granted, but with leave to amend, and the motion to require a more definite statement is moot.

**I.  The Legal Standards**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S.

544, 127 S. Ct. at 1974). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also S. Scrap Material Co. v. ABC Ins. Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without

a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## II.  Discussion

### A.   The Plaintiff's Petition

In the state court, the plaintiff filed a petition and an application for a temporary restraining order to halt a foreclosure on her home. In her petition, she alleged that the mortgage holder on her home, Chase, had assessed incorrect amounts under her mortgage contract and improperly shown her as delinquent in making payments. (Docket Entry No. 1-1, Ex. A3, Original Petition, ¶¶ IV–V). In the petition and in documents that she attached and incorporated by reference, Smith asserted that Chase had failed to implement a modification of the parties' mortgage agreement and had incorrectly assessed the payments and fees that she owed. Smith alleged that she had paid the amounts due under the mortgage, but Chase continued to show her as delinquent and even refused to accept some of her payments. (*Id.*). When the property was posted for foreclosure, Smith filed suit in the state court and applied for a temporary restraining order enjoining the defendant from conducting the scheduled foreclosure sale. The state court refused to prohibit the additional assessment of fees, late fees, and attorneys' fees pending a determination of whether Smith had complied with the terms of her modification agreement with Chase. Instead, the state court judge set a hearing on a temporary

3

injunction for September 13, 2010, and noted that "nothing herein shall preclude defendant from posting for the Oct. 2010 foreclosure sale." (Docket Entry No. 1-1, Ex. A-6, Temporary Restraining Order). On October 8, 2010, Chase timely removed on the basis of diversity jurisdiction. Chase then filed this motion to dismiss.

### B.     The Motion to Dismiss

Chase asserts that there is no cause of action under Texas law for illegally assessing and collecting fees or for illegally refusing to accept a mortgage payment. In response, Smith argues that she is asserting a claim for wrongful foreclosure under Texas law and that the improper fees and refusal to accept a mortgage payment are the basis for the wrongful foreclosure claim. The problem with Smith's argument is that Texas law does not provide a cause of action for a wrongful attempted foreclosure.

Chase did not foreclose on Smith's home. The state court stopped the foreclosure. Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home. *See, e.g.*, *Baker v. Countrywide Home Loans, Inc.*, Civ. Act. No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009). An action for wrongful foreclosure in Texas may be brought by individuals suffering harm due to irregularities in a foreclosure sale. *See Leggette v. Washington Mutual Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct.19, 2005); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998); *Wieler v. United Savings Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.—Texarkana 1994) ("a person who suffers loss or material injury because of irregularities in a foreclosure sale is entitled to maintain a suit for wrongful foreclosure"). To recover for a wrongful foreclosure, the party seeking relief must plead and prove injury. *See, e.g.*, *Port City State Bank v. Leyco Const. Co., Inc.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1978). "In a

wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986). This measure of damages is based on a tort theory of recovery to compensate for the lost *possession* of the property. *Peterson*, 980 S.W.2d at 823 ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."). Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure. *Id.*; *Wieler*, 887 S.W.2d at 159 n.2; *Port City State Bank*, 561 S.W.2d at 547.

The motion to dismiss for failure to state a claim is granted. The court notes that although the plaintiff misstates the standard for granting a motion to dismiss, citing the portion of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that was overruled in *Twombly*, 550 U.S. at 562–63, the result would have been the same under the earlier standard as well. The problem is not one of insufficient detail in the allegations but rather that the allegations do not state a claim recognized under Texas law.

Leave to amend is granted; the plaintiff must amend to attempt to state a cause of action that is viable, no later than **November 29, 2010**.

SIGNED on November 4, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge