**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONNIE J. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3730 |
| | § | |
| J.P. MORGAN CHASE BANK N/A, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

On November 4, 2010, this court granted the motion to dismiss filed by J.P. Morgan Chase Bank (JPMC), but also granted Connie Smith, the plaintiff, leave to amend by November 29, 2010. (Docket Entry No. 10). The plaintiff filed a First Supplemental Complaint to her Original Petition, Application for Temporary Restraining Order and for Temporary Injunction ("Supplement"). (Docket Entry No. 13). In her Supplement, the plaintiff alleges that: "[t]he conduct of the Defendant described in said pleading constitutes the cause of action for *attempted wrongful foreclosure* also constitutes the cause of action for *breach of the loan modification contract*." (*Id.*, ¶ 1 (emphasis in original)).

This court dismissed the claim for attempted wrongful foreclosure in the plaintiff's Original Petition on the basis that Texas law does not provide such a cause of action. In the Supplement, the plaintiff asserted a claim that JPMC breached a loan modification contract. (*Id.*). JPMC moves to dismiss the Supplement, and the suit, on the basis that the plaintiff "does not and cannot indicate what facts allegedly give rise to this claim because Plaintiff fails to allege any such facts." (Docket Entry No. 14, at 3).

The Supplement itself does not include the alleged facts underlying the breach of contract claim. But those facts are set out in the Original Complaint and the attached documents. In that Complaint, the plaintiff alleged that in July 2009, she obtained an agreement to modify her loan with JPMC. In August 2009, however, JPMC refused her loan payment. She attempted to make subsequent payments, but at least some of them were also refused. She alleged that the deficiency JPMC has asserted is incorrect and that JPMC has failed to implement the loan modification agreement. (Docket Entry No. 1, Ex. A-3, Plaintiff's Original Petition). In the Supplement, the plaintiff expressly incorporated by reference the Original Petition and Application for Temporary Restraining Order and for Temporary Injunction . (Docket Entry No. 13, ¶ 1).

The Supplement does not refer to actions occurring after the original complaint was filed. As a result, it appears to be in the nature of an "amended complaint" under Federal Rule of Civil Procedure 15(a), rather than a "supplemental complaint" under Rule 15(d). A supplemental pleading is described in Rule 15(d), as follows:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

FED. R. CIV. P. 15(d). The general rule is that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476, at 636 (3d ed. 2010). There is an exception if the "amended complaint specifically refers to and adopts or incorporates by reference the earlier

2

pleading." *King v. Dogan,* 31 F.3d 344, 346 (5th Cir.1994). Rule 10(c) permits incorporation by reference. That rule states:

> **(c) Adoption by Reference; Exhibits**. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

FED. R. CIV. P. 10(C).

In this case, the Supplement expressly incorporates the Original Complaint. The defendants can easily determine the extent and nature of the incorporation, making it effective. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006). Accordingly, the motion to dismiss the plaintiff's allegation in the Supplement of a cause of action for breach of a loan modification contract is denied. The motion to dismiss the incorporated allegation of a cause of action for wrongful attempted foreclosure is granted.

SIGNED on January 3, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge