**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CONNIE J. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3730 |
| | § | |
| J.P. MORGAN CHASE BANK N/A, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Connie Smith filed a petition and an application for a temporary restraining order to halt a foreclosure on her home by J.P. Morgan Chase Bank ("Chase").  In her petition, she alleged that the mortgage holder on her home, Chase, had assessed incorrect amounts under her mortgage contract and improperly shown her as delinquent in making payments.  (Docket Entry No. 1-1, Ex. A3, Original Petition, ¶¶ IV–V).  In the petition and in documents that she attached and incorporated by reference, Smith asserted that Chase had failed to implement a modification of the parties' mortgage agreement and had incorrectly assessed the payments and fees that she owed.  Smith alleged that she had paid the amounts due under the mortgage, but Chase continued to show her as delinquent and even refused to accept some of her payments.  (*Id.*).

When the property was posted for foreclosure, Smith filed suit in the state court and applied for a temporary restraining order enjoining the defendant from conducting the scheduled foreclosure sale.  The state court refused to prohibit the additional assessment of fees, late fees, and attorneys' fees pending a determination of whether Smith had complied with the terms of her modification agreement with Chase.  Instead, the state court judge set a hearing on a temporary injunction for September 13, 2010, and noted that "nothing herein shall preclude defendant from posting for the

Oct. 2010 foreclosure sale."  (Docket Entry No. 1-1, Ex. A-6, Temporary Restraining Order).  On October 8, 2010, Chase timely removed on the basis of diversity jurisdiction.

Chase moved to dismiss her complaint in this court on the basis that there is no cause of action under Texas law for illegally assessing and collecting fees or for illegally refusing to accept a mortgage payment.  Because Texas law does not recognize a claim for wrongful disclosure if the mortgagor does not lose the home, this court dismissed the complaint, with leave to amend.  (Docket Entry No. 10).

Smith filed a First Supplemental Complaint to her Original Petition, Application for Temporary Restraining Order and for Temporary Injunction ("Supplement").  (Docket Entry No. 13).  In her Supplement, the plaintiff alleges that: "[t]he conduct of the Defendant described in said pleading constitutes the cause of action for *attempted wrongful foreclosure* also constitutes the cause of action for *breach of the loan modification contract*."  (*Id.*, ¶ 1 (emphasis in original)).  Chase moved to dismiss the supplemental complaint.  (Docket Entry No. 14).  This court denied that motion because the supplemental complaint stated a cause of action for breach of contract.  (Docket Entry No. 16).

Smith then failed to appear at a Rule 16 conference on February 25, 2011.  This court issued an order requiring her to produce documents supporting her claim that she and Chase modified her loan by March 18, 2011.  The order stated that "[t]he failure to produce the documents may lead to dismissal of the case."  (Docket Entry No. 19).  On March 24, 2011, the plaintiff sent notice to the court that it had produced "copies of the bank statement of the Plaintiff that show timely payment" to Chase's "former counsel."  (Docket Entry No. 23).  The plaintiff sent a copy of the alleged loan modification agreement.  (Docket Entry No. 24).

2

The document the plaintiff claims is the loan modification agreement was sent to the plaintiff by Washington Mutual on July 8, 2009.  The letter that came with the alleged agreement stated:

> Thank you for your continued interest in our Homeownership Preservation Program. Enclosed is your proposed Loan Modification Agreement . . . .  The Agreement was prepared consistent with the terms you discussed with a loan workout specialist.  *The Agreement will not be binding or effective until it has been signed by both you and the lender in compliance with the instructions and conditions in this letter*.

(Docket Entry No. 24).  The loan modification agreement Smith submitted to this court was signed by her, but not by Washington Mutual or Chase.

Because the loan modification agreement is signed only by Smith and is not a valid and enforceable contract, Chase asks this court to dismiss her lawsuit.  (Docket Entry No. 25).

**I.      Analysis**

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court "to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order."  *Worrell v. Houston CanA Academy*, No. 10-20102, 2011 WL 1758761, at *4 (5th Cir. May 5, 2011) (unpublished) (citing *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985))  "The district court's discretion under Rule 37 is broad."  *Id.*  In determining whether a district court abuses its discretion in dismissing a lawsuit for discovery violations, Fifth Circuit decisions have addressed a number of considerations:

> First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply.  Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions.  Another consideration is whether the other party's preparation for trial was substantially prejudiced.  Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a

3

party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Id.* (quoting *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989)).

Chase does not allege bad faith or prejudice. Smith's subsequent—though dilatory—production of an alleged modification agreement weighs against the drastic use of sanctions. To the extent Chase moved to dismiss Smith's case for her failure to comply with this court's discovery order, that motion is dismissed.

To the extent Chase moved to dismiss Smith's complaint under Federal Rule of Civil Procedure 12(b)(6), that motion must be converted to a motion for summary judgment. In considering a Rule 12(b)(6) motion to dismiss, a court generally must limit itself to the pleadings, with an exception. *In Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that such consideration is limited "to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99). When other "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials, but does not require them to do so. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999); *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988). A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate decision. *Isquith*, 847 F.2d at 193 n.3 (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)). If the court decides to consider such material, then the court must treat the Rule

4

12(b)(6) motion as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d). The court must give the parties notice of the changed status of the motion and a "'reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.'" *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 38 (2d Cir. 1990) (quoting former FED. R. CIV. P. 12(b)). Chase's motion will be treated as one for summary judgment. No later than **August 1, 2011**, Chase may supplement the record to support its motion. Smith may respond no later than **August 22, 2011**.

## II.    Conclusion

To the extent Chase moved to dismiss Smith's complaint for her failure to comply with a discovery order, Smith's motion to dismiss is denied. To the extent Chase moved to dismiss Smith's complaint for failure to state a claim, that motion is converted to a motion for summary judgment. No later than **August 1, 2011**, Chase may supplement the record to support its motion. Smith may respond no later than **August 22, 2011**.

SIGNED on June 20, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

5